UNITED STATES of America, Plaintiff,

v.

William H. CARRANZA,
M.D., Defendant.

No. 85 Cr. 356 (SWK).

United States District Court,
S.D.  New York.

March 13, 1986.

Freeman, Nooter & Ginsberg, New York City (Louis M. Freeman, of counsel), for defendant.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Deborah J. Stavile, Asst. U.S. Atty., of counsel), for U.S.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Currently before the Court is the defendant's motion to dismiss the indictment in the instant case pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure. The indictment was filed on April 17, 1985, and it charged Dr. Carranza, in twenty-one separate counts, with violating 21 U.S.C. § 843(a). These violations are alleged to have occurred between October 22, 1984 and February 4, 1985. For the reasons which follow the motion is denied.

The pertinent facts are summarized below. Dr. Carranza has been a practicing physician for a number of years. In his practice he has, of course, written many prescriptions for narcotics. A physician may not lawfully issue prescriptions, however, unless he has a valid, current Drug Enforcement Administration ("DEA") registration number. Thus, all physicians who wish to write prescriptions must register with the DEA, obtain a registration number, and maintain a current registration number.

Dr. Carranza's DEA registration number expired on August 31, 1982. He voluntarily permitted his registration number to expire at that time. In March, 1983 Dr. Carranza applied to the DEA for a new registration number. Although he attempts to characterize this as an application to extend his expired registration, the March, 1983 application was in fact an application for a *new* registration number. It appears that Dr. Carranza wrote no prescriptions between August, 1982 and March, 1983. On January 24, 1985 the DEA held a hearing on Dr. Carranza's application for a new registration number. Dr. Carranza testified at that hearing. This application was denied on January 14, 1986. Meanwhile, Carranza had been arrested in connection with the instant allegations on April 9, 1985.

The statute Carranza is charged with violating reads as follows:

Prohibited acts C

(a) *Unlawful acts.* It shall be unlawful for any person knowingly or intentionally—

(2) to use in the course of the manufacture, distribution, or dispensing of a controlled substance, or to use for the purpose of acquiring or obtaining a controlled substance, a registration number which is fictitious, revoked, suspended, *expired,* or issued to another person.

21 U.S.C. § 843(a)(2) (as amended October 12, 1984, P.L. 98–473, Title II, Ch. V, Part B, § 516, 98 Stat. 2074) (emphasis added).

Prior to the amendment of this statute, which became effective on October 12, 1984, it read as follows:

*Prohibited acts C*

*Unlawful acts*

(a) It shall be unlawful for any person knowingly or intentionally—

(2) to use in the course of the manufacture or distribution of a controlled substance a registration number which is fictitious, revoked, suspended, or issued to another person;

The October 12, 1984 amendment, which was part of the Comprehensive Crime Control Act of 1984, closed a loophole in Section 843(a)(2) by precluding the use of "expired" registration numbers. Prior to the amendment, Section 843(a)(2) apparently was not violated by writing prescriptions with an expired registration number.

Carranza relies primarily on three theories in urging dismissal of the indictment. First, he asserts that Section 843(a)(2) does not apply to the conduct involved in the instant case. Specifically, he asserts that Section 843(a)(2) does not apply to a physician who has an application for a registration number pending with the DEA and who writes prescriptions only for legitimate medical purposes while that application is pending. Carranza next argues that the Controlled Substances Act generally, 21 U.S.C. §§ 801 *et seq.*, Section 843(a)(2) in particular, and the October, 1984 amendment thereto are primarily concerned with preventing the diversion of narcotics from legitimate medical uses to illegitimate and unlawful uses. In view of this, Carranza asserts that diversion is an element of a violation of Section 843(a)(2). Thus, because it is seemingly undisputed that no unlawful or illegitimate diversion occurred in the instant case, Carranza urges dismissal of the indictment. Finally, Carranza argues that he did not possess the requisite intent for a violation of Section 843(a)(2). This is evidenced, he claims, by his application for a new registration number, his testimony at the DEA hearing, and because the DEA knew of his conduct in the instant case and did not object to it prior to filing an indictment against him. These arguments are addressed below.

■ "[I]n any case concerning the interpretation of a statute the 'starting point' must be the language of the statute itself." *Lewis v. United States,* 445 U.S. 55, 60, 100 S.Ct. 915, 918, 63 L.Ed.2d 198 (1980) (citations omitted). The language of the statute involved in the instant case is clear. Section 843(a)(2) clearly uses the term "expired". Section 843(a)(2) uses clear language and is unambiguous. A common sense reading of the statute indicates that it proscribes writing prescriptions with an expired registration number. An examination of the relevant legislative history neither alters this conclusion nor provides any support for Carranza's contention that this statute does not apply to the conduct in the instant case.

■ Carranza allowed his registration number to lapse and expire. When he applied to the DEA in March, 1983 he sought a *new* number and not an extension or reregistration of his old number. Thus, Section 843(a)(2), as amended in October, 1984, clearly applies to a physician such as Carranza who writes prescriptions with an expired number. There is no basis to read into the statute the exception which Carranza asserts it contains. Carranza's pending application for a new registration number does not insulate him for prosecution under Section 843(a)(2).

■ Carranza next asserts that because no diversion occurred in the instant case the indictment must be dismissed. Carranza is correct in asserting that one of the primary purposes of the Controlled Substances Act, Section 843(a)(2), and the October, 1984 amendment thereto is to stem the diversion of narcotics to unlawful and illegitimate uses. He is incorrect, however, in asserting that "diversion" is an element of a Section 843(a)(2) violation. To read this element into the statute would unduly restrict its application. The Court thus rejects this argument in the context of a motion to dismiss the indictment.

■ Carranza's final argument, dealing with his lack of requisite criminal intent, similarly must be rejected in the context of a motion to dismiss an indictment. The indictment adequately *alleges* a violation of

Section 843(a)(2). Thus, Carranza's intent, argument and the relevant evidence, must be considered at trial.

■ In conclusion, there is no basis for this Court to dismiss the indictment. Carranza's arguments involving the absence of unlawful diversion and a lack of the requisite intent are appropriate, and perhaps will be successful, defenses at trial. This is particularly true where, as here, it is undisputed that there was no unlawful diversion, that Carranza had a pending application for a new registration number, and that the DEA was aware of this in January of 1985. In view of the foregoing, and in view of the effective date of the amendment outlawing the alleged instant misconduct and the dates of the alleged instant misconduct, Carranza's motion suggests that the instant prosecution perhaps exemplifies a questionable exercise of prosecutorial discretion by the government. Such a conclusion is further supported by the fact that the DEA has denied Carranza's application for a new registration number, and by the disturbing fact that the alleged misconduct occurred very shortly after it was first prohibited (on one occasion, only *ten days* after the statute was amended). This Court may not review the government's exercise of discretion, and however misguided it may be, it is certainly not a basis to dismiss the indictment. The indictment properly alleges all of the elements for a violation of the relevant statute. Accordingly, the defendant's motion to dismiss the indictment is denied.

SO ORDERED.