*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0067p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

JOYCE A. WILLIAMS,

    *Plaintiff-Appellant,*

  *v.*

                No. 03-1486

EAU CLAIRE PUBLIC SCHOOLS,

    *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 01-00233—Gordon J. Quist, District Judge.

Argued: November 3, 2004

Decided and Filed: February 10, 2005

Before: MARTIN and BATCHELDER, Circuit Judges; JORDAN, District Judge.[*]

---

## COUNSEL

**ARGUED:** Judy E. Bregman, BREGMAN & WELCH, Grand Haven, Michigan, for Appellant. Mark T. Ostrowski, KLUCZYNSKI, GIRTZ & VOGELZANG, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Judy E. Bregman, BREGMAN & WELCH, Grand Haven, Michigan, for Appellant. Robert F. Mirque, Jr., KLUCZYNSKI, GIRTZ & VOGELZANG, Grand Rapids, Michigan, for Appellee.

---

## OPINION

---

  ALICE M. BATCHELDER, Circuit Judge. Joyce Williams ("Williams") appeals the jury's verdict in favor of the Eau Claire Public Schools ("Eau Claire") on Williams's claims, brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 2000e (Title VII) and Michigan's Elliot-Larsen Civil Rights Act, MCL 37.2101, et seq., that Eau Claire refused to hire her as the Assistant Athletic Director because of her gender, and refused to give her a raise in retaliation for her having filed with the Equal Employment Opportunity Commission ("EEOC") a charge of gender discrimination. Before us in this appeal is Williams's claim that the district court abused its discretion in refusing to give the jury Williams's proffered instructions on pretext. Because we find that the instructions given by the district court comply with the law as pronounced by the Supreme Court in *St. Mary's*

---

[*]The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

*Honor Center v. Hicks*, 509 U.S. 502 (1993), and *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), and because the instructions which Williams proffered do not correctly state that law, we find no abuse of discretion, and AFFIRM the judgment of the district court.

## Factual and Procedural Background

Joyce Williams applied for and was denied the position of Assistant Athletic Director for the Eau Claire Public Schools. She filed a charge of gender discrimination with the EEOC, and shortly thereafter, she claims, she was denied a pay raise in her position as secretary to the High School Principal and the Athletic Director. Williams then filed this action claiming gender discrimination and retaliation in violation of federal and state law, and violations of the Fair Labor Standards Act ("FLSA") and the Equal Pay Act. Eau Claire moved for summary judgment on all of Williams's claims, and the district court granted the motion on the FLSA and Equal Pay claims, but denied it as to the discrimination and retaliation claims, holding that Williams had presented sufficient evidence to entitle her to trial on those claims.

Prior to trial, Williams submitted proposed jury instructions on pretext, asking that the court instruct the jury that if it found Eau Claire's proffered reason for failing to hire Williams as Assistant Athletic Director did not actually motivate its decision, that finding alone would permit the jury to hold that Eau Claire had intentionally discriminated and retaliated against Williams. The specific instructions Williams requested were as follows:

**Plaintiff's Special Requested Instruction No. 2**
Plaintiff must show that defendant intentionally discriminated against her. This means that Plaintiff must prove, by a preponderance of the evidence, that the defendant took adverse action against her "because of" her protected status as a woman under the statute I read to you. In other words, Plaintiff's sex must have been a motivating factor in the defendant's employment decision.
The term "motivating factor" means a consideration that moved defendant toward defendant's decision. It is not necessary for the Plaintiff to prove that the Plaintiff's sex was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that sex was a determinative consideration that made a difference in the Defendant's decision.
However, plaintiff, Joyce Williams is not required to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred from the existence of other facts. It may be proved exclusively by circumstantial evidence.
For example, in this case, Plaintiff claims that Defendant's stated reason(s) for hiring a man for the job of Assistant/Athletic Director is [are] a pretext for its real reason, which she claims is sex discrimination. I instruct you that, you may conclude that the Plaintiff has met the burden of proving intentional discrimination if you do not believe the Defendant's explanation for its actions.

**Plaintiff's Proposed Special Instruction No. 13 (to follow or be incorporated into earlier No. 2)**
In order to convince you that the Defendant's reasons for not hiring the Plaintiff as Assistant/AD and for later taking adverse employment action against her are pretexts, Plaintiff must show one of the following by a preponderance of the evidence:
1) That the Defendant's proffered reasons had no basis in fact; or
2) That the Defendant's proffered reasons did not actually motivate its employment action regarding the Plaintiff; or
3) That the Defendant's proffered reasons were insufficient to motivate its employment action regarding the Plaintiff.

> If you do not believe the reasons given by the Defendant for not hiring the Plaintiff as Assistant/AD and for later taking adverse employment action against her, you may, but are not required to, infer that the Defendant's stated reasons are a pretext or a cover up for intentional discrimination. This is because you, as the factfinder are entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt.

Williams cited *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), as authority for the last paragraph of Proposed Instruction No. 13.

Although Eau Claire did not object to these proposed instructions, the district court declined to give them. Instead, noting that the issue in the case was not pretext but whether Williams had proven intentional discrimination by Eau Claire, the judge instructed the jury that:

> If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion . . . .
> The burden is on plaintiff, Joyce A. Williams, to prove every essential element of a claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.
> To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. If, on any issue in this case, the evidence is equally balanced, you cannot find that the issue has been proved by a preponderance of the evidence.
> The rule does not, of course, require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case . . . .
> Members of the Jury, the plaintiff Joyce A. Williams claims that she was not hired as assistant athletic director at Eau Claire Public Schools because of her sex–female. The defendant denies that sex was a motivating factor in her not being hired.
> In order to succeed on her claim, the plaintiff must prove each of the following elements by a preponderance of the evidence:
> First, she was not hired as assistant athletic director of Eau Claire Public Schools, and
> Second, her sex was a motivating factor in the decision to not hire plaintiff as assistant athletic director; in other words, that the defendant had a discriminatory purpose or motive . . . .
> On the other hand, it is not necessary for the plaintiff to prove that her sex was the sole or exclusive reason for the employer's decision. It is sufficient if the plaintiff proves that her sex was a motivating consideration that made a difference in the school district's decision . . . .

The judge gave substantially similar instructions regarding Williams's retaliation claim. Williams preserved her objection to the trial court's refusal to adopt her proposed instruction on pretext, or any other instruction specifically mentioning pretext.

## Analysis

We review for abuse of discretion a district court's refusal to give requested jury instructions. *King v. Ford Motor Co.*, 209 F.3d 886, 897 (6th Cir. 2000). To find an abuse of discretion we must

have a "definite and firm conviction that the trial court committed a clear error of judgment." *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996). We will reverse a judgment based on inadequate jury instructions only "if the instructions, viewed as a whole, were confusing, misleading and prejudicial." *Kitchen v. Chippewa Valley Sch.*, 825 F.2d 1004, 1011 (6th Cir. 1987). In making that determination, we consider whether the instructions "adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its decision." *Id.* at 1010-11. In other words, a district court's refusal to give a jury instruction constitutes reversible error if: (1) the omitted instruction is a correct statement of the law; (2) the instruction is not substantially covered by other delivered charges; and (3) the failure to give the instruction impairs the requesting party's theory of the case. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 820 (6th Cir. 1999).

Williams's proposed instructions are an incomplete and therefore incorrect statement of the law. The Supreme Court recognized in *Reeves* that "[*i*]*n appropriate circumstances*, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." *Reeves*, 530 U.S. at 147 (emphasis added). The Court went on to explain that the plaintiff's prima facie case, together with sufficient evidence to support a finding that the employer's articulated reason for the adverse employment action is false, may suffice to support a finding of liability, but it will not always be sufficient. *Id.* at 148. It is essential to recognize, however, that the question before the Court in *Reeves* was whether, in order to avoid judgment as a matter of law in favor of the defendant, a plaintiff is *always* required to adduce evidence in addition to his prima facie case in order to prove discriminatory intent. *Id.* at 137. The Court's entire analysis of the issue was premised on the principle announced in *St. Mary's Honor Center* that "'[i]t is not enough . . . to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination.'" *Id.* at 147 (quoting *St. Mary's Honor Center*, 509 U.S. at 519 (emphasis in original)). Nothing in *Reeves* weakens or supplants that principle.

Williams's proposed instructions correctly state that if the jury does not believe Eau Claire's asserted non-discriminatory reasons, it *may* infer that those reasons are a cover-up for intentional discrimination. Specifically, Williams's Proposed Instruction No. 2 states, "you may conclude that the Plaintiff has met the burden of proving intentional discrimination if you do not believe the Defendant's explanation for its actions." Williams's Proposed Instruction No.13 states:

> If you do not believe the reasons given by the Defendant for not hiring the Plaintiff as Assistant/AD and for later taking adverse employment action against her, you may, but are not required to, infer that the Defendant's stated reasons are a pretext or a cover up for intentional discrimination. This is because you, as the factfinder are entitled to consider a party's dishonesty about a material fact as affirmative evidence of guilt.

Neither singly nor in combination do these instructions inform the jury that such an inference is permissible only if the evidence *also* supports a finding that Eau Claire intentionally discriminated against Williams on the basis of a prohibited criterion, the ultimate issue in the case and the issue on which Williams bears the burden of proof. *St. Mary's Honor Center*, 509 U.S. at 511. In sum, because Williams's proposed instructions do not inform the jury that in order to return a verdict in her favor it must not only find Eau Claire's articulated reason false, but it must also believe Williams's claim that Eau Claire was in fact motivated by considerations of gender, Williams's instructions are not a correct statement of the law.

Unlike Williams's proposed instructions, the instructions which the district court gave "adequately inform[ed] the jury of the relevant considerations and provide[d] a basis in law for aiding the jury in reaching its decision." *Kitchen*, 825 F.2d at 1010-11. Like Williams's Proposed Instruction No. 2, the court's instructions informed the jury that the relevant consideration in Williams's sex discrimination claim was whether Eau Claire "had a discriminatory purpose or

motive." The instructions given by the court, however, specifically instructed the jury that in order to return a verdict for Williams, it must find that Williams had shown "by a preponderance of the evidence" that Eau Claire had been motivated, at least in part, by her sex. The judge defined preponderance of the evidence as "such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true." The judge also instructed the jury that "if your experience [and common sense] tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion."

These instructions accurately and adequately instructed the jury as to both the elements and the burden of proof in the case. We hold that it is not necessary that these instructions be cast in the language of pretext or the framework of shifting burdens of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), as Williams contends, in order for them to be adequate, accurate and complete.

For all of the foregoing reasons we **AFFIRM** the judgment of the district court.