**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0424n.06
Filed: June 22, 2006

**No. 05-1774**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| FAROCEAN MARINE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| EARL ROMANS and DEBORAH ROMANS, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |

Before: GILMAN, SUTTON, and COOK, Circuit Judges.

PER CURIAM. Following the voluntary dismissal of Appellant Farocean Marine's action against Defendants Earl and Deborah Romans ("the Romans"), the district court awarded attorney's fees and costs to Defendants. Farocean now appeals, challenging the final amount of the fee award. We affirm.

Five years ago, Earl Romans, a resident of Michigan, hired a representative of Farocean, a marine repair facility in South Africa, to fly to Malaysia to inspect a yacht he was considering purchasing. On Farocean's advice, Earl Romans did indeed purchase the yacht through a Cayman Islands holding company he formed, Malacca Holdings Limited ("Malacca").

The parties then arranged for Farocean to sail the yacht, which the Romans christened the "Summit One," to South Africa and begin repairing it in accordance with Earl Romans's

instructions. Initially, Farocean was paid for the work it did. Eventually, however, payment disputes arose. Settlement of one lawsuit enabled Farocean to proceed with repairs, but the parties continued to disagree thereafter, and Farocean soon halted all repair work. It then commenced a legal proceeding in South Africa attaching the Summit One and naming Earl Romans and Malacca as defendants. The South African trial court dismissed that proceeding.

While Farocean's appeal from the South African dismissal was pending, it brought a breach of contract action against the Romans in federal district court in Michigan, seeking to be compensated for the unpaid repairs. Farocean did not name Malacca as a defendant. The Romans answered the complaint by asserting the affirmative defense that Farocean and the Romans never entered into a contract, but instead "Farocean's contract was solely with Malacca."

Months later, the Romans' counsel filed a motion to have Malacca intervene "both by right and by permission" pursuant to Fed. R. Civ. P. 24. Before the district court ruled on the motion, however, the South African appeals court reversed the dismissal of Farocean's attachment proceeding. Apparently preferring to litigate in the more familiar hemisphere, Farocean filed an emergency motion for an order staying, or alternatively, voluntarily dismissing the action in the district court under Fed. R. Civ. P. 41(a)(2).

Following oral arguments, the district court granted the motion to voluntarily dismiss the action without prejudice, "with costs and attorney fees to be awarded Defendants." Unsurprisingly, the parties failed to reach an agreement on the amount of fees and costs to be paid, leading the

Romans to submit a bill of costs seeking some $40,000. Farocean disputed the bill on several grounds. The district court referred the matter to a magistrate judge, who, after conducting a hearing and reviewing each disputed time entry in detail, ordered: 1) the bill reduced by $4,856.22, citing certain entries as duplicative; and 2) Farocean to pay the remaining amount, some $35,000. Farocean again objected, but the district court summarily affirmed the magistrate judge's order, prompting this appeal.

We review the district court's decision to award fees and costs on a Rule 41(a)(2) motion for an abuse of discretion. *See O'Hara v. Bd. of Educ.*, 72 Fed. Appx. 311, 315 (6th Cir. 2003) (citing *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000)). "To find an abuse of discretion we must have a definite and firm conviction that the trial court committed a clear error of judgment." *Williams v. Eau Claire Pub. Sch.*, 397 F.3d 441, 445 (6th Cir. 2005) (quotation omitted). We address each of Farocean's objections.

*Fees Related to Malacca's Motion to Intervene*

Farocean first argues that the district court abused its discretion by awarding over $11,000 to the Romans for fees and costs related to preparing Malacca's motion to intervene, even though the same law firm represented both the Romans and Malacca. As Farocean sees it, both the district court's written order and its oral ruling made it clear that the district court intended to award fees and costs to the Romans only, and thus, "[the] Romans should not have been reimbursed . . . for fees and costs expended on behalf of Malacca."

We agree that the district court intended to award fees and costs to the Romans only, but we fail to see how this aids Farocean's cause given that only the Romans—not Malacca—were *parties* entitled to fees. In its oral ruling initially awarding fees and costs to the Romans, the district court commented: "The plaintiff will be required to pay the actual costs that the Romans have expended up to this point and [to] reimburse [them]." We read this language, as did both the magistrate judge and the district judge, as encompassing the fees and costs that the Romans incurred in preparing to defend on the basis that any judgment for breach of contract would necessarily be awarded against the contracting entity, Malacca. The district court did not abuse its discretion by including these "actual costs that the Romans have expended" in the final fee award.

*Fees and Costs Incurred in Opposing Farocean's Motion to Dismiss*

Farocean next contends that the court abused its discretion by awarding close to $13,000 for expenses incurred by the Romans in opposing Farocean's motion to voluntarily dismiss the action. Farocean argues that the Romans "could easily have mitigated [their] damages and expenses by simply not resisting the motion to dismiss." This argument misses the mark. When Farocean filed its motion to voluntarily dismiss, the Romans had already incurred significant legal fees and had every reason to object to having the Michigan lawsuit dismissed in favor of Farocean proceeding against them in South Africa.

Farocean does not cite any authority for the proposition that a party must acquiesce to an opposing party's motion to voluntarily dismiss an action. Farocean does cite cases for the

proposition that an award of fees and costs in connection with a motion to voluntarily dismiss is meant to "ameliorate any financial prejudice suffered by [defendants] during the period in which [they were] required to defend the suit." "Amelioration" here could reasonably be extended to include the Romans' efforts to conclude the matter in Michigan instead of South Africa.

The district court did not abuse its discretion in awarding the Romans these fees and costs.

*"Mathematical Error"*

The gist of this claimed error is that the submitted detailed billing did not add up to the total fees requested, a fact not brought to the court's attention (and perhaps unnoticed by Farocean) at the time the court considered and decided the issue.

Though the district court's initial order allowed the Romans to recover for fees and costs incurred through July 8, 2004, it is undisputed that the invoices submitted by the Romans' attorney included only fees and costs billed through June 2004, totaling $38,408. On the other hand, the affidavit submitted by the Romans' attorney and attached to the invoices stated that from February 5, 2004 through July 8, 2004, "the Firm rendered $40,228.75 in professional services and costs on behalf of the Defendants." In their appellate brief, the Romans admit that the billing records "inadvertently did not include the charges incurred in July 2004 [approximately $1800]." Farocean now argues that the court "made a mathematical, or clerical, error" because the base amount to be

reduced should have been $38,408.00 (as reflected by the invoices), and not $40,228.75 (as stated in the affidavit).

Though the party seeking fees generally "has the burden of providing for the court's perusal a particularized billing record," *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995) (quotation omitted), Farocean waived its "mathematical/clerical" error argument by failing to present it at all to the magistrate judge and by vaguely alluding to it in a footnote in its opening brief to the district court. *See generally United States v. Ninety-Three Firearms*, 330 F.3d 414, 424 (6th Cir. 2003)) ("This court has repeatedly held that it will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice."). When Farocean first objected to the Romans' bill of costs, it cited several reasons why the requested amount of $40,228.75 was too high. That the billing invoices did not add up to the claimed amount was not one of those reasons, however. Similarly, at the hearing before the magistrate judge, Farocean's attorney did not object when the Romans' attorney informed the judge that $40,228.75 was the total amount requested. Under these circumstances, the argument has been waived.

*Reasonableness of the Fee Award*

Finally, in a one-paragraph argument, Farocean complains that because "the case had not moved forward significantly until . . . mid-May," the district court's fee award of over $35,000 is unreasonably high. Instead, Farocean suggests that approximately $17,000 is a figure that it believes

"to be in the range of [a] reasonable amount."  This argument fails to demonstrate that the court

abused its discretion.

For these reasons, we affirm the judgment of the district court.