NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0108n.06
Filed: February 10, 2009

No. 07-6050

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT BRYSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CITY OF CLINTON, TENNESSEE, and JAMES S. | ) | THE EASTERN DISTRICT OF |
| JONES, Individually and as City Manager for Clinton, | ) | TENNESSEE |
| Tennessee, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: BOGGS, Chief Judge; KETHLEDGE, Circuit Judge; and THAPAR, District Judge.[*]

KETHLEDGE, Circuit Judge. Former City of Clinton, Tennessee ("City") police officer Robert Bryson appeals the district court's judgment following a defense verdict on his age-discrimination claims. Bryson challenges various evidentiary rulings and jury instructions. We affirm.

I.

A.

_____

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

On January 10, 2004, Bryson was on patrol when he encountered a bleeding and intoxicated man, Michael Manford, who had apparently been involved in a car accident. Bryson did not arrest Manford, but drove him to the police station to question him further about the accident.

There, Deputy Darryl Chapman asked Bryson whether he had any charges against Manford. Bryson indicated that he did not. Chapman apparently decided, however, that Manford should be charged with an unspecified offense. At that point, Manford became "extremely belligerent[,]" swearing at the officers. Bryson then told Manford he was under arrest, but Manford resisted. Other officers came to assist, spraying Manford with pepper spray and striking him in the back of his leg with an asp. He was eventually subdued.

The City's Chief of Police, Richard Scarbrough, later directed Sergeant Larry Miller to conduct an internal-affairs investigation of the incident. Miller interviewed Bryson and asked, among other things, whether Chapman had in fact asked Bryson prior to the arrest if Bryson had any charges against Manford. Bryson said he did not recall whether Chapman had asked him that. Miller thereafter prepared an investigation report in which he concluded, based solely on this response, that Bryson had been "untruthful" in the interview. Scarbrough reviewed the report and recommended to the City Manager, James Jones, that Bryson be terminated. Jones reviewed the report and terminated Bryson.

B.

Bryson was 40 years old when the City fired him. He filed a complaint against the City and Jones, alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 626 *et seq.* (ADEA). The case thereafter proceeded to trial. The jury rejected the City's proffered justification

for terminating Bryson—that Bryson lied to the internal-affairs investigator—and submitted the following "statement" with its verdict form:

> The Jury believes Robert Bryson told the truth during the Clinton Police Department's Internal Investigation and that his testimony during this case was honest and forthcoming. The Members of the Jury urge Judge Varlan to enter this statement into the Public Record of this trial as a first step toward restoring Mr. Bryson's credibility as a Police Officer.

Nonetheless, the jury found no age discrimination, and returned a verdict for the City.

This appeal followed.

## II.

## A.

Bryson challenges certain of the district court's evidentiary rulings. We review those rulings for an abuse of discretion. *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004).

Bryson argues that the district court erred in admitting evidence of Jones's lack of discriminatory intent. He asserts that Jones, the City Manager, "was not the actual decision-maker but was merely a conduit for the recommendation" of Chief Scarbrough, who in turn relied on Miller's investigation report. Appellant's Br. at 31. Bryson thus argues that Jones's intent was irrelevant. *Id.* at 34-35.

It is undisputed, however, that Jones was responsible for the hiring and firing of all City employees. Jones was in fact the person who fired Bryson. Evidence of Jones's intent, therefore, was relevant. Bryson himself alleged in his complaint that Jones unlawfully terminated him because of his age. That Scarbrough's intent, or Miller's, might have been *more* relevant does not change

the fact that Jones's intent was relevant as well. The district court did not abuse its discretion on this point.

Bryson next argues that the district court erred in admitting evidence that 64% of the City's employees were over age 40, and that the City hired a training-patrol officer over age 40 after terminating Bryson. Bryson argues that the probative value of this evidence "was non-existent, and the prejudice was overwhelming," because, he says, these other employees were not similarly situated to him as a patrol officer. Appellant's Br. at 35.

We disagree with Bryson's assessment of this evidence. That a majority of the City's workforce is over age 40 does suggest, at least as a general matter, that the City does not discriminate against people over that age. So too does the fact that the City hired a training-patrol officer over age 40. It is true that other evidence might be *more* probative of whether the City discriminated against Bryson. But under the broad definition of relevance in Rule 401—"evidence having any tendency to make the existence of any fact . . . more probable or less probable than it would be without the evidence"—this evidence was relevant. Moreover, its prejudice was minimal. Bryson cross-examined Jones with the very criticisms he advances here, and introduced evidence of the age composition of the police force generally and its patrol officers specifically. The district court's admission of the cited evidence therefore did not violate Rule 403.

B.

Bryson next challenges two jury instructions. We review instructions "as a whole to determine whether they fairly and adequately present the issues and applicable law to aid the jury in making its determination." *Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 880-81 (6th Cir. 2007). The

"correctness of jury instructions is a question of law, which we review *de novo*," *id.* at 881, but "[w]e review for abuse of discretion a district court's refusal to give requested jury instructions." *Williams v. Eau Claire Pub. Sch.*, 397 F.3d 441, 445 (6th Cir. 2005).

Bryson argues that the district court erred in instructing the jury that "the plaintiff has the burden of establishing by a preponderance of the evidence . . . that age played a determining factor in the defendant's decision to terminate his employment[.]" He argues that the district court instead should have instructed the jury that he could recover if age was a "motivating factor." Appellant's Br. at 50.

The district court's instruction was correct. The cases Bryson cites in support of a motivating-factor instruction applied a different statute—42 U.S.C. § 2000e-2(m)—than the one at issue here, which is the ADEA. To recover under the ADEA, a plaintiff "must prove that age was a *determining factor* in the adverse employment action that the employer took against him." *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1023 (6th Cir. 1993) (emphasis added); *see also Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008). The district court's jury instructions were entirely consistent with that rule.

Bryson next argues that the district court erred in rejecting his proposed pretext instruction. He argues the instruction should have made clear to the jury that "it was free to find for the Plaintiff based solely upon its disbelief of the non-discriminatory justifications offered by the Defendant." Appellant's Br. at 49. The proposed instruction read as follows:

> Proof that an employer's explanation for an employment decision is unworthy of belief is one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive.

> Once an employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision.

> When all legitimate reasons for an employment decision have been eliminated as possible reasons for the employer's actions, it is more likely than not that the employer, who it is generally assumed acts with some reason, based its decision on an impermissible consideration.

This language is lifted largely verbatim from the Supreme Court's opinion in *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). But judicial opinions and jury instructions are two different things. An opinion excerpt, taken out of context, might well be understood by a jury to tell them what they *must* do, and not simply whether they *may* do it. Such is the case here: *Reeves* held "it is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation." 530 U.S. at 147 (emphasis in original). But Bryson's proposed instruction suggests the jury would have been compelled to make that finding.

The district court instead instructed the jury that, if it found "that the reasons given by the defendant for plaintiff's discharge were a pretext *for age discrimination*, then your verdict should be for the plaintiff." (Emphasis added.) The court explained that Bryson could prove pretext for age discrimination "by showing: that the reasons have no basis in fact; that the reasons have a basis in fact, but they were not the actual factors motivating the defendant's decision to discharge the plaintiff; or, that if the articulated reasons were factors, these reasons are insufficient to have motivated the defendant's conduct." The court's instructions thus did precisely what *Reeves*

requires: they permitted, but did not compel, the jury to infer age discrimination from a finding of pretext.

We sympathize with Bryson's plight in this case. The jury indeed found the reasons for his dismissal to be pretextual; specifically, it "believe[d] Robert Bryson told the truth during the Clinton Police Department's Internal Investigation[.]" The reason offered for Bryson's termination, in other words, *was* a pretext for something; but the jury chose to find that the something was not age discrimination. The jury was entitled to know that it could make that choice.

The district court's judgment is affirmed.