NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0125n.06

No. 08-5278

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED
Feb 24, 2010
LEONARD GREEN, Clerk**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DANNY COLLINS, | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY, GILMAN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Danny Collins appeals his conviction and sentence for using an expired DEA registration number to dispense a controlled substance in violation of 21 U.S.C. § 843(a)(2). We affirm.

I.

Collins, a licensed dentist, was indicted for 17 counts of using an expired DEA registration number to prescribe painkilling medication, in violation of 21 U.S.C. § 843(a)(2). After his arraignment, Collins filed a motion in limine requesting an instruction that the jury could not convict him if he prescribed the painkillers in good faith. The court denied the motion. Collins thereafter entered a conditional guilty plea, waiving his right to appeal except as to the court's denial of his motion in limine. The district court sentenced him to three years' probation.

This appeal followed.

## II.

Collins's sole argument on appeal is that the district court should have agreed to issue the instruction he requested. "We review for abuse of discretion a district court's refusal to give requested jury instructions." *Williams v. Eau Claire Pub. Sch.*, 397 F.3d 441, 445 (6th Cir. 2005). A refusal to give requested instructions is reversible error only if: "(1) the omitted instruction is a correct statement of the law; (2) the instruction is not substantially covered by other delivered charges; and (3) the failure to give the instruction impairs the requesting party's theory of the case." *Id.*

The Comprehensive Drug Abuse Prevention and Control Act of 1970 makes it "unlawful for any person knowingly or intentionally . . . to use in the course of the . . . distribution, or dispensing of a controlled substance, . . . a registration number which is fictitious, revoked, suspended, expired, or issued to another person." 21 U.S.C. § 843(a)(2). Collins asked the district court to instruct the jury that it could convict him only if he had prescribed the painkillers "other than in good faith and in the usual course of a professional practice and in accordance with a standard of medical practice generally recognized and accepted in the United States."

The district court was correct to reject the proposed instruction. Nothing in the text of § 843(a)(2) limits the provision to prescriptions made in bad faith or outside the usual course of a medical practice. The provision instead prohibits "distribution, or dispensing of a controlled substance" with an expired registration number, period. That courts have approved good-faith

instructions for different provisions with different text, *see, e.g.*, *United States v. Hughes*, 895 F.2d 1135, 1143 n. 11 (6th Cir. 1990) (concerning § 841(a)(1) instructions), does not mean the district court was free to disregard the plain text of the provision at issue here.

Most of the cases that Collins cites in support of his argument are inapposite. All but one of those cases involved § 841(a)(1) charges, which supported the good-faith instruction. The remaining case—*United States v. Carranza*, 632 F. Supp. 1030 (S.D.N.Y. 1986)—is unpersuasive. That case does include dicta that could be read to support Collins's argument on appeal. To the extent it is so read, however, the dicta conflicts with the terms of the statute. The terms of the statute control.

Collins's conviction and sentence are affirmed.